**Exhibit A**

IN THE CIRCUIT COURT, SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:
DIVISION:

JOEVAUGHNIA DEAN,

    Plaintiff,

vs.

ISLAND AIR CHARTERS, INC., a Florida Corporation; AMERICAN AIRLINES, INC.; and ENVOY AIR INC. d/b/a AMERICAN EAGLE,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOEVAUGHNIA DEAN, sues Island Air Charters, Inc American Airlines, Inc. and Envoy Air Inc. d/b/a American Eagle and in support thereof, states as follows:

## PARTIES, JURSIDICTION, VENUE, AND GENERAL ALLEGATIONS RELEVANT TO ALL COUNTS

1. This is an action for damages in excess of thirty thousand dollars arising out of injuries sustained by Ms. Dean while traveling as a passenger aboard two international flights between the United States and the Bahamas.

2. At all times material, Ms. Dean was and is a Bahamian citizen, domiciled in Florida where she attends college.

3. At all times material ISLAND AIR CHARTERS, INC. (hereafter referred to as "IAC") was and is a Florida Corporation providing commercial air transportation between Florida and the Caribbean with its headquarters and principal address located at Hangar 18 Fort Lauderdale Executive Airport.

4. At all times material, AMERICAN AIRLINES, INC. (hereinafter referred to as "AA") was and is a Delaware corporation with its headquarters and principal address located at 1 Skyview Drive MD8B503, Fort Worth, Texas. AA's registered agent in Florida is CT Corporation System, located at 1200 S. Pine Island Road, Plantation, Florida 33324.

5. At all times material, ENVOY AIR INC. (hereinafter referred to as "Envoy") was and is a Delaware corporation with its headquarters and principal address located at 4301 Regent Blvd. MD 243, Irving, Texas, 75063. Envoy is a subsidiary of American Airlines Group, the parent corporation for AA.

6. Jurisdiction is proper in the United States pursuant to 28 U.S.C § 1331 in that this is a civil action which arises under the law and treaties of the United States, namely the *Convention for the Unification of Certain Rules Relating to International Transportation by Air,* concluded at Montreal, Canada, May 28, 1999 ("Montreal Convention").

7. In the alternative, jurisdiction is proper in the United States pursuant to 28 U.S.C. § 1331 in that this is a civil action which arises under the law and treaties of the United States, namely the *Convention for the Unification of Certain Rules for International Carriage by Air* concluded at Warsaw, Poland, October 12, 1929 ("Warsaw Convention") as amended by the *Protocol to Amend the Convention for the Unification of Certain Rules Relating to International Carriage by Air*, done at the Hague on October 25, 1955 ("Hague Protocol").

8. Venue is proper under Florida Statute § 47.011.

9. Defendants conduct extensive and not isolated business in Fort Lauderdale, Florida through their operation of flights in and out of Broward County airports. Defendants further maintain offices and employees in Broward County, Florida.

10. IAC is the holder of a Federal Aviation Administration issued Air Carrier

Certificate under 14 CFR § 135 and is engaged in domestic and international transportation of passengers and goods.

11. AA is the holder of a Federal Aviation Administration issued Air Carrier Certificate under 14 C.F.R. § 121 and is engaged in both domestic and international scheduled transportation of passengers and goods.

12. ENVOY is the holder of a Federal Aviation Administration issued Air Carrier Certificate under 14 C.F.R. § 121 and is engaged in both domestic and international scheduled transportation of passengers and goods.

13. On September 19, 2020, Ms. Dean was a fare paying passenger pursuant to a contract of carriage on IAC aircraft N257SH flying from Freeport, Bahamas to Fort Lauderdale Executive Airport when the aircraft ran out of fuel and made a forced crash landing on the grass at FXE.

14. On October 24, 2020, Ms. Dean was a fare paying passenger pursuant to contract of carriage on American Airlines Flight No. 4194 on a flight departing from Miami, Florida bound for Freeport, Bahamas where the crew lost control of the aircraft which overran the runway.

15. On September 19, 2020 and October 24, 2020, Ms. Dean was buckled in her assigned seat using due care for her own safety.

16. On September 19, 2020 and October 24, 2020, the subject flights experienced an "accident" as contemplated by the Montreal and Warsaw Conventions. The accidents were caused by crew negligence of defendants' employees acting in the course and scope of their employment with each of the defendants.

17. As a direct and proximate result of the negligence of the defendants and each of

them, plaintiff suffered personal injury, aggravation of previous injuries and conditions, psychological injury, incurred economic, medical and counselling expenses and will incur such losses in the future.

18. Plaintiff's injuries and damages described are indivisible and not capable of apportionment

### COUNT I
### AGAINST ISLAND AIR CHARTERS, INC., AMERICAN AIRLINES, INC. AND ENVOY AIR INC. UNDER ARTICLE 17 MONTREAL CONVENTION

Plaintiff realleges the forgoing and further says:

19. At the time of the incidents described above there was in force and effect in the United States a certain multilateral treaty relating to the rules governing international carriage by air known as the Montreal Convention. Both the United States and The Bahamas are state parties to the Montreal Convention.

20. At the time of the incidents and subsequent injuries, Ms. Dean was engaged in international carriage as defined in Article 1(2) of the Montreal Convention and the same is applicable to this action pursuant to Article 1(1) of the Montreal Convention.

21. Pursuant to Article 17.1 of the Montreal Convention, the carriers are strictly liable for all damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking. In both of the instant cases, Ms. Dean was aboard the aircraft.

22. The Montreal Convention further provides that for a passenger's damages up to 128,821 Special Drawing Rights ("SDR")[1], the carrier cannot exclude or limit its liability.

---

[1] An SDR is a unique monetary unit that acts in the capacity of a reserve instrument. It is promulgated and

Montreal Conv., Art. 21.1.

23. In order to limit its liability for damages exceeding 128, 821 SDR, the carrier has the burden of proof to show that: 1) the damages were not due to its negligence, wrongful act or omission, or the negligence, wrongful act or omission of its servants and agents, or, 2) such damage was solely due to the negligence or other wrongful act or omission of a third party. Montreal Conv., Art.21.2.

24. The crash landing after fuel exhaustion of the IAC aircraft and the landing gear failure and runway overrun of the AA aircraft and Ms. Dean's subsequent injuries were unexpected and unusual occurrences and constitute accidents under Article 17 of the Montreal Convention. As a result, Ms. Dean suffered bodily injuries.

25. IAC and AA are strictly liable for Plaintiff's damages up to 128,821 SDR and the carrier "shall not be able to exclude or limit its liability." Montreal Conv., Art. 21.1.

26. IAC and AA are also strictly liable for Plaintiff's full, fair, and just damages, without the monetary limitation in Article 21.1., as IAC and AA are unable to prove that Plaintiff's damages were not: 1) due to its own (or its agents and servants) negligence, wrongful act or omission, or 2) solely due to the negligence or other wrongful act of omission of a third party. Montreal Conv., Art. 21.2 (placing burden of proof on the carrier).

27. Ms. Dean incurred serious bodily and psychological injuries, including aggravation of previous injuries, orthopedic neck and back injuries, physical pain and suffering, anguish, fright and shock, annoyance, discomfort, loss of the enjoyment of life in the past and in the future.

---

controlled by the International Monetary Fund and composed of a basket of currencies. At the time of filing of this complaint, 1 SDR = 1.38 U.S. Dollars.

WHEREFORE, Plaintiff, demands judgment against defendants IAC, AA and Envoy for compensatory damages and any and all damages to which she is entitled under applicable law.

## COUNT II
## AGAINST ISLAND AIR CHARTER, AMERICAN AIRLINES, INC. AND ENVOY AIR INC. UNDER ARTICLE 17 WARSAW CONVENTION

Plaintiff realleges the forgoing and further says:

28. In the alternative, at the time of the incidents described above there was in force and effect in the United States a certain multilateral treaty relating to the rules governing international carriage by air known as the Warsaw Convention. Both the United States and The Bahamas are state parties to the Warsaw Convention.

29. At the time of the incidents and subsequent injuries, Ms. Dean was engaged in international carriage as defined in Article 1(2) of the Warsaw Convention and the same is applicable to this action pursuant to Article 1(1) of the Warsaw Convention.

30. Pursuant to Article 17 of the Warsaw Convention, the carrier is strictly liable for damage sustained in case of death or wounding of a passenger upon condition only that the accident which caused the injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking. In the instant case, Ms. Dean was aboard the aircraft.

31. The Warsaw Convention and ticket contracts further provide that for a passenger's damages up to $75,000.00 the carrier cannot exclude or limit its liability. Warsaw Conv., Art. 22(1).

32. In addition, pursuant to Article 25 of the Warsaw Convention, the Defendants are liable to Plaintiff for all personal injury damages exceeding $75,000 if the Plaintiff proves that

the injuries were caused by the willful misconduct of AA and its agents acting within the scope of their employment.

33. The injuries suffered by Plaintiff were caused by the willful misconduct of IAC, AA, Envoy and their agents including the crew in command of the subject flights who were working in the course and scope of their employment at the time of the incident.

34. Further, IAC, AA, Envoy and their agents did not take all necessary and possible measures to avoid the injuries suffered by Plaintiff, precluding any anticipated reliance of Article 20 of the Warsaw Convention.

35. Ms. Dean incurred serious bodily injuries, including aggravation of a previous injuries, orthopedic neck and back injuries, physical pain and suffering, anguish, fright and shock, annoyance, discomfort, loss of the enjoyment of life in the past and in the future.

WHEREFORE, Plaintiff, demands judgment against Defendants, IAC, AA, and Envoy for compensatory damages and any and all damages to which she is entitled under applicable law.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

DATED: January 14, 2022.

Respectfully submitted,

SPOHRER & DODD, P.L.

 /s/ Robert F. Spohrer
Robert F. Spohrer, Esquire
Florida Bar No.: 184500
Matthew W. Spohrer, Esquire
Florida Bar No.: 0062534
76 S. Laura Street, Suite 1701
Jacksonville, FL 32202

        Telephone: (904) 309-6500  
        Facsimile: (904) 309-6501  
        Email:  rspohrer@sdlitigation.com  
                msphorer@sdlitigation.com  
                jheape@sdlitigation.com  
                hdewitt@sdlitigation.com  
                eService@sdlitigation.com  
*Attorney for Plaintiff*